[No. 10,740—In Bank.]
October 9, 1882.

## THE PEOPLE v. WILLIAM R. STRANGE.

HOMICIDE—JUSTIFICATION—JURY.—The defendant was charged by the information with murder and was convicted of manslaughter. There was no conflict as to the fact of the homicide by the defendant; but the defendant, who was examined on his own behalf, and who was the only eye-witness of the transaction, testified to facts which would amount to justification, and it was claimed, he being the only witness, that the evidence did not justify the verdict.

*Held:* It was for the jury to determine how much of the statement of the defendant they should believe, and how far it would carry conviction to their minds.

ID.—ID.—INSTRUCTION.—The Court charged the jury in the language asked by the defendant as to the right of self-defense, but struck out from the instruction prayed for, the words: "He had the same right there that he would have had if attacked upon the public streets of the town." The place referred to was the house of the deceased, from which the defendant was attempting to escape after being discovered in illicit intercourse with the wife of the deceased.

*Held:* While, if closely analyzed, the additional words may appear to convey a proposition abstractly correct, yet, in view of the evidence, they would have had a tendency to mislead the jury by inducing them to believe that the fact of the defendant's presence at the house, with the circumstances attending it, were to be excluded from consideration in determining the question of justification.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of Santa Cruz. LOGAN, J.

*Moore, Laine & Johnston, Julius Lee* and *A. S. Kitteredge,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

MYRICK, J.:

The information in this case accused the defendant of the

crime of murder, and the jury returned a verdict of guilty of manslaughter.

First—There seems to be no conflict in the evidence as to the fact of the homicide by the defendant. The defendant (examined as a witness on his own behalf) is the only person who testified as an eye-witness of the transaction; and as he testified to matters which he thinks justified him in taking the life of deceased, because in self-defense, he claims that the evidence did not justify the verdict. It was for the jury to determine how much of the statement of the defendant they should believe and how far it would carry conviction to their minds. They seem to have attached some importance to it, by rendering a verdict of guilty of manslaughter instead of murder. We see no error here which tended to the prejudice of the defendant.

Second—The Court committed no error in omitting from the instructions asked for, those sentences not given.

The Court in its charge distinctly accorded to the defendant the right of self-defense. This was all he was entitled to. We can not perceive that any error was committed in striking out the words of which complaint is made.

While, if closely analyzed, the additional words may appear to convey a proposition abstractly correct, we are of opinion that, in view of the evidence, they would have had a tendency to mislead the jury, by inducing them to believe that the fact of defendant's presence at the house, with the circumstances attending it, were to be excluded from consideration in determining the question of justification.

Judgment and order affirmed.

McKee, Ross, McKinstry, Sharpstein, and Thornton, JJ., concurred.